IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LONDER B. DAVIS, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:18-CV-2936-G-BK |
| § | |
| CITY OF GRAND PRAIRIE, ET AL., § | |
| DEFENDANTS. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including findings and a recommended disposition. The Court granted Plaintiff Londer B. Davis' motion to proceed *in forma pauperis* but did not issue order that process issue pending the completion of judicial screening. Doc. 13. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim.

## I.    BACKGROUND

On November 5, 2018, Davis, proceeding without the assistance of counsel, initiated this action by filing a *Complaint* against the City of Grand Prairie, Chief of Police Dye, and Dallas County District Attorney Faith Johnson. Doc. 2 at 1. He avers *in toto*:

> I was racially profiled, when on 3 Apr. 2k16 I witnessed roll-over, I report it to Police, but I went to Jail because of my race, I went to court for almost 1 ½ yrs. Grand Prairie Police never show. These Document that I'm sending is violation of American Disability Act. I suffer from "P.T.S.D."

Doc. 2 at 1 (emphasis and misspelling in original); *see also* Doc. 6 (77-page supplemental document).

As best as the Court can glean from the *Complaint*, Davis asserts constitutional violations stemming from his arrest on April 3, 2016, after he witnessed a rollover accident. Doc. 2. He alleges racial profiling, false arrest and imprisonment, and violations of the American with Disability Act (ADA). Doc. 2 at 1. Davis also appears to claim malicious prosecution as a result of being charged with a misdemeanor offense—intentionally giving false information to a police officer—that was dismissed on July 10, 2018. Doc. 6 at 2-4; *State v. Davis*, No. M1630931 (Crim. Dist. Ct. No. 1, Dallas Cty., Tex., filed Apr. 4, 2016).[1]

In his *Answers to Magistrate Judge's Questionnaire*, Davis avers: "I was bullied by police, held against my will on bogus charges, that's call[ed] kidnapping, they fail[ed] to get me mental health treatment!" Doc. 10 at 6. He further asserts that he (1) was "called a fugitive by the Police of Grand Prairie," (2) was incarcerated from April 3 to April 5, 2016, and (3) suffered from anxiety during the time he was jailed because he was unable to contact anyone, his truck was towed with his medicines inside, and he was denied medical attention. Doc. 10 at 2-5; Doc. 6 at 3. Davis also invokes the ADA, due to his purported mental health condition and Post-Traumatic Stress Disorder (PTSD). Doc. 10 at 4. He avers, "[i]f you are mentally ill and black, you already have two strikes against you, when you come into contact with 'only white police.'" Doc. 10 at 4. Davis seeks "2.5 million dollars for each year from 3 Apr. 2016." Doc. 10 at 6.

**II.    ANALYSIS**

Because Davis is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a

---

[1] The docket sheet for Case No. M1630931 is available on the Dallas County website at http://courtecom.dallascounty.org/publicaccess/ (last accessed on July 8, 2019).

complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under this most liberal construction, however, Davis fails to state a viable claim.

### A. Claims Accruing On or Before April 5, 2016 are Time Barred

Davis maintains that he was racially profiled and unlawfully arrested on April 3, 2016, and that he was subsequently denied medical treatment for PTSD for approximately two days following his arrest.  Based on these allegations, the latest Davis could have timely filed Section 1983 civil rights action was April 5, 2018.[2]  *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989)

---

[2] The two-year statute of limitations on Davis' racial profiling and ADA claims accrued respectively on April 3 and 5, 2016.  Whereas the limitations period on his false arrest and imprisonment claims did not begin to run until April 4, 2016, when he was detained pursuant to legal process.  *See Davis*, No. M1630931 (April 4, 2016 *Commitment and Detention Order*); *Wallace v. Kato*, 549 U.S. 384, 389-92 (2007) (holding "false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges"); *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018) (same).

(applying state forum's personal injury statute of limitations in a section 1983 case); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (holding Texas Section 1983 actions are governed by the two-year personal injury limitations period); *Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011) (same as to ADA action); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2019). However, Davis' complaint was filed November 5, 2018, well outside of the two-year limitations' period.

Davis does not allege, much less demonstrate, that he is entitled to equitable tolling of the limitations' period due to a "legal disability." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(a) (West 2019) ("a person is under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind."). And his imprisonment does not provide a basis to toll the statute of limitations under Texas law. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). Accordingly, Davis' *Complaint* wholly fails to state a claim to relief that is plausible on its face, thus, his civil rights claims should be dismissed with prejudice for failure to state a claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007) (holding that when "relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"); *Stanley*, 464 F.3d at 568 (finding court can raise limitations *sua sponte* in *in forma pauperis* actions).

### B. Malicious Prosecution Claim Also Fails

Insofar as Davis brings a timely malicious prosecution claim against Faith Johnson, the former Dallas County District Attorney, his claim nonetheless fails as a matter of law.[3] First,

---

[3] The limitations period on Davis' malicious prosecution claim did not begin accrue until the misdemeanor prosecution ended in his favor. *Winfrey*, 901 F.3d at 492, *cert. denied sub nom.*, *Johnson v. Winfrey*, 139 S. Ct. 1549 (2019).

4

any claim for monetary damages against the District Attorney is barred by the doctrine of absolute immunity. A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997).

Additionally, "a freestanding 42 U.S.C. § 1983 claim based solely on malicious prosecution [i]s not viable." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812-813 (5th Cir. 2010) (citation omitted). Rather, the plaintiff "must allege 'that officials violated specific constitutional rights in connection with a malicious prosecution.'" *Id.* at 812 (quoting *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (en banc)). Here, Davis fails to specifically allege how either Defendant violated his constitutional rights. Doc. 2; Doc. 10. Indeed, the *Complaint* is devoid of allegations reasonably suggesting any possible constitutional violation in connection with a malicious prosecution claim. And since the subsequent probable cause determination and appearance before the magistrate broke the chain of causation for the alleged false arrest and subsequent imprisonment (which as previously noted are also time barred), neither of those alleged violations can support a malicious prosecution claim.

Accordingly, Davis' malicious prosecution claim also should be dismissed with prejudice for failure to state a claim.

### III.   LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. *See Brewster v. Dretke*, 587 F.3d 764, 767-768 (5th Cir. 2009) ("leave to amend is not required . . . if the plaintiff has already pleaded his 'best case.'"). For the reasons outlined

here, Davis' claims are fatally infirm.  In addition, the Court has already given Davis the opportunity to supplement his complaint by his *Answers to Magistrate Judge's Questionnaire*.  Thus, the Court finds that Davis has already pled his best case and granting leave to amend would be futile and cause needless delay.

## IV.   CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on July 8, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).